357 So.2d 547 (1978)
STATE of Louisiana
v.
Ronald D. ANDERSON.
No. 61084.
Supreme Court of Louisiana.
April 10, 1978.
*548 Sumpter B. Davis, III, Baton Rouge, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-relator.
Frank J. Gremillion, Baton Rouge, as amicus curiae.
SANDERS, Chief Justice.
The State charged the defendant, Ronald D. Anderson, with possession of pethidine, a violation of LSA-R.S. 40:967. The defendant filed a motion to suppress, and the district court sustained it. We granted the State's writ application to review this ruling. State v. Anderson, La., 352 So.2d 1040 (December 9, 1977, No. 61,084).
On February 8, 1977, Officer J. P. Thompson executed the following affidavit for a search warrant:
"Affiant informs the Court that on Feb. 8, 1977 affiant was contacted by a confidential and reliable informant who has been working under the direct supervision of affiant for the past (5) five months and who has provided affiant with information which has led to the arrest of at least (6) persons on narcotics violations in East Baton Rouge Parish and further, who has provided information which has led to the seizure of contraband which has been proven to be controlled by the Louisiana State Police Crime Lab.
"Affiant further informs the Court that above confidential informant stated that on or about Feb. 6, 1977 he, being said informant and a second individual that was not aware that above informant was working in conjunction with affiant, had occasion to be at a garage apt. located behind 8027 LaSalle. Affiant was further advised by above informant that he, being said informant, observed above second individual go in above described garage apt. and return with a plastic baggie containing a green vegetable like substance which the second individual stated was marijuana and that it was bought from Ronnie Anderson out of the garage apt.
"Affiant further informs the Court that a check with Gulf States Utilities indicated that the residence located at 8027 LaSalle St. had service in the name of James Anderson, that being Ronnie Anderson's father.
"Affiant further informs the Court that Ronnie Anderson had been arrested by this office for Narcotic violations in the past and that Sgt. Doerner and Humble have both received information from reliable informants that Ronnie Anderson, living in a garage apt. behind his father's house on 8027 LaSalle, was dealing narcotics."
A search of the garage apartment produced marijuana, pethidine, and syringes.
The trial judge upheld the defendant's motion to suppress on the basis that, while the informant's reliability "is not subject to question, the reliability of the information received by him from another unknown person has not been established, nor has the reliability of that unknown third person been established."
In State v. Paciera, La., 290 So.2d 681 (1974), we set forth the rules relating to the probable cause necessary for issuance of a warrant. Therein, we stated:
"The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable *549 both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the infor mation reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information. See State v. Linkletter, 286 So.2d 321 (La.Sup.Ct.1973)."
Affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. A grudging or negative attitude by reviewing courts will tend to discourage police officers from submitting their evidence to a judicial officer before acting. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Magistrates should not be confined to niggardly limitations or by restrictions on their common sense. Their determinations of probable cause should be paid great deference by reviewing courts, and the resolution of doubtful or marginal cases should be largely determined by the preference accorded to warrants. State v. Sierra, La., 338 So.2d 609 (1976); State v. Nix, La., 327 So.2d 301 (1975); State v. Paciera, supra.
The affidavit established the informant's credibility. The affiant attested that the informant has worked under his direct supervision for the past five months, and that he provided information which has led to the arrest of six persons for narcotics violations and to the seizure of contraband. Recitations in an affidavit that the informant has previously given information leading to arrests supports the informant's reliability. State v. Ballansaw, La., 350 So.2d 146 (1977); State v. Culotta, La., 343 So.2d 977 (1976); State v. Sierra, supra; State v. Roach, La., 322 So.2d 222 (1975).
Likewise, the affidavit sufficiently demonstrates that the information is reliable. The informant personally observed the second individual enter a garage apartment behind 8027 LaSalle Street and exit with a plastic bag containing a green vegetable substance. The individual declared that he had just purchased marijuana from the defendant. An informant's direct personal observation is a factor indicating the credibility of the information. State v. Sierra, supra; State v. Roach, supra; State v. Paciera, supra. The remaining information is that given by the second individual. His statement that he bought marijuana from the defendant is an admission against penal interest, and such admissions by an individual to an informant render the information credible. State v. Gilbert, La., 354 So.2d 508 (1978); State v. Turner, La., 337 So.2d 1090 (1976). In addition, a check with the local utilities company showed that the defendant's father was the owner of 8027 LaSalle Street.
We conclude that the affidavit is sufficient to establish the reliability of both the informant and the information. Hence, the trial judge erred in granting defendant's motion to suppress.
For the reasons assigned, the motion to suppress is overruled, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
There are no underlying circumstances from which a magistrate reasonably could conclude that the information provided by the "second individual" was reliable. The statement by the "second individual" to the confidential informant that he had purchased marijuana from the defendant in the defendant's garage apartment does not add to the trustworthiness of his information. There is nothing in the affidavit to indicate that the "second person" was aware of the informant's law enforcement connections or that any additional penal consequences were incurred by the statement.
I respectfully dissent.