SANDERS, Chief Justice.
The State charged the defendant, Jack R. Jones, with possession of marijuana with the intent to distribute, a violation of LSA-R.S. 40:966A. The defendant filed a motion to suppress, and the district court sustained it. We granted the State’s application to review this ruling. State v. Jones, La., 361 So.2d 1213.
On March 4, 1978, Lieutenant Scotty Henderson and Sergeant Ricky Spier executed an affidavit for a search warrant.[1] *1360 The affidavit was sworn to and subscribed before the Honorable Monty M. Wyche, Judge, Twenty-Sixth Judicial District Court. Judge Wyche issued the search warrant. The search was executed -the same day, and the officers found four and one-half pounds of marijuana at the scene of the search.
The trial judge granted the defendant’s motion to suppress on the basis that the affidavit failed to state sufficient facts to establish the reliability of the confidential informant. In State v. Paciera, La., 290 So.2d 681 (1974), we set forth the rules for issuance of a search warrant. We held that the affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth the underlying circumstances and details sufficient to provide a substantial factual basis upon which the magistrate can find reliable both the informant and the information given by him.
The defendant contends that the affidavit is insufficient to establish the reliability of the confidential informant. We find that the affidavit states sufficient circumstances and details to establish the reliability of the informant.
Recitations in an affidavit that the informant has previously given information leading to arrests adequately supports the informant’s reliability. State v. Anderson, La., 357 So.2d 547 (1978); State v. Ballansaw, La., 350 So.2d 146 (1977); State v. Culotta, La., 343 So.2d 977 (1976); State v. Sierra, La., 338 So.2d 609 (1976).
The present affidavit recites that the informant, designated by number, has given information in the past concerning narcotics traffic, which, after investigation, proved to b3. true. On several occasions, he has given information leading to narcotics arrests and seizure of drugs. Under the cited decisions, these facts are sufficient to support the reliability of the informant. Hence, the trial judge erred in granting the motion to suppress.
For the reasons assigned, the ruling of the trial judge is reversed, the motion to suppress is overruled, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.

. The affidavit in application for the search warrant reads:
“BEFORE ME, the undersigned authority, personally appeared: Lt. Scotty Henderson and Sgt. Rickey Speir, Bossier City Police Department who, being first duly sworn, deposed and said:
“That they have good reason to believe that located in the premises described as follows:
“1617 Cline Street, Bossier City, Bossier Parish, Louisiana there is now located the following property which is evidence of the commission of an offense against the laws of the State of Louisiana: Marijuana.
“That affiant(s) believe said property to be so located because: On or about March 3, 1978 the affiants were contacted by CI78H111 who stated to them that there is a white male named Jack Jones, who resides at 1617 Cline Street, Bossier City, Bossier Parish, Louisiana who is a dealer of marijuana.
“CI78H111 further stated to affiants that he has been legally and lawfully within this residence within the past 48 hours and while inside did in fact observe a large quantity of marijuana. CI78H111 stated to affiants that Jack Jones stated to him that he was selling the marijuana for $15. an ounce or $125 a pound.

“This confidential informant, CI78H111 has been proven reliable to affiants in the past in that he has given them valuable information concerning narcotics traffic that añer having been investigated always proved to be true and accurate. On several occasions C178H111 has given us information that has led to narcotic arrests and the seizure of quantities of drugs.

“Based upon the above given information, the affiants believe that they have good reason *1360 able and probable cause to believe that now located within the residence at 1617 Cline Street, Bossier City, Bossier Parish, Louisiana there is a quantity of marijuana and request that a search warrant be issued for this address and its curtilage.” [Emphasis supplied.]