387 So.2d 1111 (1980)
STATE of Louisiana
v.
Keith Allen STEPHENSON.
Nos. 65937, 65938.
Supreme Court of Louisiana.
April 7, 1980.
Dissenting Opinion November 4, 1980.
Robert P. McLeod, Law Offices of Robert P. McLeod, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Kenneth A. Rains, Asst. Dist. Atty., for plaintiff-appellee.
WATSON, Justice.[*]
Defendant, Keith Allen Stephenson, was charged in two separate bills of information with possession of controlled dangerous substances. In one bill Stephenson was charged with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966 A, and with possession of Phentermine with intent to distribute, in violation of LSA-R.S. 40:967 A. By a second bill, defendant was charged with possession of Dextropropoxyphene and possession of Methamphetamine, in violation of LSA-R.S. 40:963, 964 and 966.
After a motion to suppress was denied, defendant withdrew his not guilty pleas. Pursuant to a plea bargaining arrangement, Stephenson pleaded guilty to possession of *1112 marijuana with intent to distribute, attempted possession of Phentermine with intent to distribute, and possession of Dextropropoxyphene. The charge of possession of Methamphetamine was dismissed. On the marijuana charge, defendant was sentenced to three years at hard labor. This sentence was suspended and defendant was placed on supervised probation for five years subject to the special condition that he spend one year in the Morehouse Parish Jail and pay a fine of $500. Defendant received an identical sentence on the attempted possession of Phentermine charge. Defendant received a sentence of two years imprisonment for possession of Dextropropoxyphene, the sentence to run consecutively with the others. Finally, as part of the plea bargain, defendant reserved his right to appeal regarding the trial judge's denial of his motion to suppress.
On January 1, 1979, Deputy Dyar Eppinette of the Morehouse Parish Sheriff's Office submitted an affidavit to the district court. After describing the location and appearance of defendant's residence, the oath or affidavit in support of the search warrant stated in pertinent part:
"Within the last twenty-four (24) hours, your affiant has been contacted by a reliable confidential informant whose reliability has been established over the past two weeks by controlled narcotics buys which led to the issuance of a search warrant, a quantity of marijuana seized pursuant to said search warrant, and arrests made in connection therewith. Therefore, the realible (sic) confidential informant knows the appearance of marijuana.
"The reliable confidential informant stated to your affiant, within the last twenty-four (24) hours, that he had occasion to be upon the premises of a house trailer within the last twenty-four hours, and that while there he observed a quantity of marijuana inside the house trailer. The reliable confidential informant indicated that said house trailer is the residence of Keith Stephenson, who is known to your affiant by his previous narcotic offenses.
"The location of said house trailer is known to your affiant and was also pointed out to your affiant personally by the reliable confidential informant."
When the search warrant was issued and executed, officers of the Morehouse Parish Sheriff's Office discovered and seized several bags of marijuana, nineteen capsules of Phentermine, two capsules of Dextropropoxyphene, and one gram of methamphetamine.
Defendant's motion to suppress the physical evidence claimed that the search was illegal because it was conducted without a valid search warrant supported by an affidavit establishing probable cause. Defendant asserted that the affidavit failed to provide adequate information to show the reliability of the informant or his information. Other arguments in support of the motion were abandoned at the hearing on the motion to suppress.
Defendant assigns as error on appeal the trial court's denial of the motion to suppress on the ground that the factual allegations in the affidavit were insufficient to establish the reliability of the confidential informant and his information.
The informant was familiar with the appearance of marijuana and personally observed the contraband in defendant's trailer. Direct personal observation by an eyewitness establishes the reliability of his information. State v. Paciera, 290 So.2d 681 (La., 1974). The only substantial issue is the reliability of the confidential informant.
In order to protect persons against unreasonable searches and seizures, no search warrant shall issue except upon probable cause supported by oath or affidavit. Louisiana Constitution of 1974, Article 1, Section 5. Probable cause must be demonstrated to the issuing magistrate by the affidavit of a credible person "reciting facts establishing the cause for issuance of the warrant." LSA-C.Cr.P. art. 162.
The affidavit submitted to the issuing magistrate may be based entirely on hearsay. State v. Paciera, supra. But, if *1113 the affidavit recites hearsay, it must have enough details to allow a magistrate to reasonably infer that the informant and his information are reliable. State v. Richards, 357 So.2d 1128 (La., 1978); State v. Wilson, 366 So.2d 1328 (La., 1978); State v. Paciera, supra; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
The fact that the informant here was involved in "controlled narcotic buys" could not by itself establish his reliability. State v. Tassin, 343 So.2d 681 (La., 1977). In Tassin, the affidavit was insufficient because: (1) it contained a false statement by the affiant that he knew the suspect to be a user and dealer in controlled dangerous substances; (2) the activities of the informer under direct police surveillance did not establish his reliability in other circumstances. Here, the statement by the affiant that he knew Stephenson to have prior narcotics offenses was not traversed. Also, the informant's past activities had led to the issuance of a search warrant, seizure of a quantity of marijuana and resulting arrests.
Recitations in an affidavit that the informant has previously given information leading to arrests adequately support the informant's reliability. State v. Jones, 365 So.2d 1359 (La., 1978); State v. Weinberg, 364 So.2d 964 (La., 1978); State v. Anderson, 357 So.2d 547 (La., 1978). In evaluating this informant's role in past arrests, the magistrate could have made a logical inference that the informant furnished facts to the officers in connection with his narcotics buys, and that the arrests were accomplished because those facts were accurate. The opposite inference, that this informant was merely a voiceless puppet in the hands of the police, is unreasonable and unwarranted.
In State v. Turnipseed, 362 So.2d 486 (La., 1978), the affidavit recited that the unnamed informant had worked under the direct supervision of the affiant for two months and had provided information leading to four arrests. The fact that the informer had worked only under direct personal supervision did not make him unreliable. Where, as here, a showing of prior accurate reports can be inferred from the recitation of resulting arrests, the fact that the purchases were "controlled" is not fatal to a finding of reliability.
The credibility of an anonymous informant can be supported by "any specific independent corroboration of the accuracy of the instant report." State v. Paciera, supra, at 686. Mere suspicion of prior criminal involvement is entitled to no weight in appraising a magistrate's decision. Spinelli v. U.S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). However, here, affiant's knowledge of defendant's previous narcotics offenses, as opposed to rumor or gossip, supports a finding of reliability. The informant's account of seeing marijuana in defendant's trailer was consistent with what the deputy knew of defendant's history. The affiant had an independent basis for believing the report to be true. This knowledge corroborated the informant's report and bolstered his reliability. State v. Dazet, 378 So.2d 1369 (La., 1979); State v. Paciera, supra.
When this affidavit is read as a whole, a common sense interpretation supports the magistrate's conclusion that the informant was reliable. U.S. v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The trial court did not err in denying the motion to suppress.
For the reasons assigned, the convictions and sentences are affirmed.
AFFIRMED.
DIXON, C. J., specially concurring.
CALOGERO, J., dissents with reasons.
DENNIS, J., dissents with reasons.
CALOGERO, Justice, dissenting.
I respectfully dissent from the majority opinion because I am of the view that this case is indistinguishable from State v. Tassin, 343 So.2d 681 (1977), on rehearing. In Tassin, as in the present case, the warrant was issued on the basis of information obtained from a confidential informant. In both cases, support in the affidavits for the reliability of the confidential informant consisted of assertions that the confidential *1114 informant had participated in controlled narcotics buys which led to arrests and convictions, and that the affiant knew the suspect because of past narcotic offenses. Neither affidavit had any other support for the informant's reliability than the above. Tassin held, "The ability to traffic in illegal narcotics, under the immediate surveillance of a directing police officer, does not appear to be related to the informer's uncoerced probable truthfulness in securing outside of that officer's presence other information for the latter's use." On the second issue, Tassin held, "The assertion of the suspect's reputation for past criminal activity, unrelated to specific incident giving probable cause for a search, `is but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision' to issue a warrant." Following Tassin, I believe the convictions should be reversed and the motion to suppress granted.
DENNIS, Justice, dissenting.
I respectfully dissent because the affidavit fails to establish the informant's credibility. A mere assertion that an informant has participated in controlled narcotics buys which led to the issuance of a search warrant and arrest says nothing at all about the informant's credibility.
NOTES
[*] Honorable Edward A. de la Houssaye, III, participated in this decision as Associate Justice ad hoc.