EDWARDS, Judge.
Robert L. Tesch appeals his conviction and sentence on a charge of possession of marijuana with intent to distribute, LSA-R.S. 40:967 A.
*109 Tesch was arrested following a search of his residence in which approximately five pounds of marijuana were found and seized. The search was conducted by the Narcotics Division of the Baton Rouge Police Department in accordance with a search warrant issued on the day of the search. The search warrant was based on an affidavit by a police officer which recited that a confidential informant told the officer he had seen approximately five pounds of marijuana at defendant’s house earlier that day.
Tesch was charged by bill of information with a violation of LSA-R.S. 40:967 A, possession of marijuana with intent to distribute.[1] He entered a plea of not guilty and filed a motion to suppress the physical evidence seized in the search. The district court denied the motion to suppress. After trial before a jury, Tesch was convicted as charged.
The defendant has appealed that conviction, entering four assignments of error into the record. Inasmuch as only two assignments of error have been briefed and there was no oral argument in this case, the remaining two are considered abandoned and will not be addressed. State v. Webb, 419 So.2d 436 (La.1982).
Both assignments of error address the same issue — validity of the search warrant. Defendant contends that the trial court erred in denying his motion to suppress the seized evidence (Assignment of Error No. 1) and in overruling the defense objection to introduction of the evidence at trial (Assignment of Error No. 3). He contends that the search warrant was defective because the affidavit failed to establish the credibility of the unidentified informant. Because the search warrant was defective, defendant argues, the evidence seized thereunder was inadmissible at trial.
LSA-C.Cr.P. art. 162 provides as follows:
“A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
“A search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.”
In Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court of the United States held that an affidavit for a search warrant may be based on hearsay information and need not reflect the direct personal observations of the affiant. However, the court stated that the magistrate who issues the warrant must be informed of some of the underlying circumstances upon which the informant based his conclusions and some of the underlying circumstances from which the affi-ant concluded that the anonymous informant was credible or that his information was reliable. See also United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).
In State v. Paciera, 290 So.2d 681 (La.1974), the Louisiana Supreme Court, in applying the Aguilar standard, stated the following:
“If we can deduce a rule from these cases, it is this: The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability [sic] of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability *110 both of the indirect source and of the indirectly-obtained information. See State v. Linkletter, 286 So.2d 321 (La.Sup.Ct.1973).” 290 So.2d at 685, 686.
Our review of the affidavit in the instant case reveals that it provides a factual basis in sufficient detail to satisfy the issuing magistrate of the credibility of both the confidential informant and the information supplied.[1] The confidential informant personally observed approximately five pounds of marijuana in the residence to be searched. The informant knew that defendant lived in that house and had spoken with him on the telephone. The informant was familiar with controlled substances as he had previously purchased controlled substances while working with the police on several occasions. These purchased substances tested positively in field tests conducted by the affiant. Nothing in the affidavit indicates that the confidential informant was relying upon third-party opinion or local gossip.
Defendant relies heavily upon State v. Tassin, 343 So.2d 681 (La.1977), in which the court concluded that a confidential informant’s reliability was not established in a search warrant affidavit. In Tassin, the affidavit stated that the informer had made previous drug purchases while under direct police surveillance. The court concluded that this fact failed to establish the informant’s credibility.
“The reliability and veracity of an anonymous informer is not, in our opinion, pertinently reflected by his willingness to buy illegal drugs under the surveillance of a police officer for whom he works. The ability to traffic in illegal narcotics, under the immediate surveillance of a directing police officer, does not appear to be related to the informer’s uncoerced probable truthfulness in securing outside of that officer’s presence other information for the latter’s use.” 343 So.2d at 690 (footnote omitted).
The facts of the instant case are readily distinguishable from those in Tassin. The affidavit here does not indicate that the previous drug purchases by the confidential informant were made under direct police surveillance. There is no basis to conclude that the informant’s drug purchases were made under such police surveillance. We conclude that the affidavit adequately established the confidential informant’s reliability and credibility. We note also that the decision in Tassin was based in part upon a finding of misrepresentation, possibly deliberate, on the part of the affiant. No allegations of such misrepresentation were made in the instant case.
The physical evidence was seized under a properly obtained search warrant and was therefore admissible at trial. Defendant’s assignments of error lack merit.
*111 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The facts of this case occurred prior to the effective date of Act 800 of 1981, which changed the classification of marijuana from a Schedule II to a Schedule I controlled substance.

. The affidavit, in pertinent part, states:
“Affiant informs the court that on this date he was contacted by a reliable confidential individual (hereinafter referred to as C.I.) who advised affiant that on this date, 11-13-80, he observed approximately five (5) pounds of marijuana at a residence located at 3198 Calumet St.
“Affiant informs the court that this same C.I. is responsible for several purchases of controlled dangerous substances in the past in cooperation with the Baton Rouge City Police Narcotics Division. Affiant informs the court that these purchases included substances purported to be cocaine, marijuana and quaaludes. Although none of these purported controlled dangerous substances have been analyzed by the Louisiana State Police Crime Lab, they did have the same physical characteristics as the controlled dangerous substances they were purported to be and each tested positively in field tests conducted by affiant.
“Affiant informs the court that the subject residing at the above residence is known only as Robert to the C.I. Affiant further informs the court that the phone number for the residence at 3198 Calumet St. is 357-8238. Affiant informs the court that although he could not verify this with the telephone Co. [sic], C.I. has conversed with subject Robert at this telephone number and knows this to be his home phone number.
“Affiant further informs the court that the residence at 3198 Calumet St. is a white frame house surrounded by a chain link fence with a sign attached to it reading ‘Beware of Dog’.
“Affiant advises that he has exhausted all other means presently available to him to further identify the residents of the above address.”