284 So.2d 880 (1973)
STATE of Louisiana
v.
Frank Bruno GIORDANO and Lynda Brandt.
No. 53763.
Supreme Court of Louisiana.
October 29, 1973.
Al J. Mendoza, Chaupette, Genin, Mendoza & Keeton, Marrero, for defendants-relators.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Sp. Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Writs were granted in this case to consider whether, on a motion to suppress, a defendant may inquire into the veracity of the affiant in the affidavit upon which a search warrant was issued.
At the outset, the State submits that the writ was improvidently granted for the reasons that: there was no adverse ruling by the trial judge upon which the defendants could seek review; the motion to suppress did not contain any allegations sufficient to justify an attack upon the veracity of the affiant.
The defendants reserved a bill of exceptions upon the following circumstances:
When the motion to suppress was called for trial, one of the witnesses subpoenaed by the defendants was absent. Gerald Bayer, described as "Agent" Bayer, was apparently the affiant in the affidavit upon which the search warrant was obtained. (The affidavit and the search warrant are not in the record before us). Upon noting Bayer's absence, the defendants requested "that the Court grant the motion to suppress" because of the absent witness. The State objected and contended that it was ready to go to trial on the motion with the witnesses who were present, and contended, nevertheless, under State v. Anselmo, 260 La. 306, 256 So.2d 98 (1971), the defendants had no right to traverse the sworn statement of Gerald Bayer in the affidavit. After discussion, the trial judge *881 ruled that, even if Bayer were present, the court would sustain any objection to any question put to the affiant. On this basis, the trial court held that the motion to suppress was without merit.
Included in the record before us is the motion to suppress filed on behalf of the defendants. In addition to the introduction and the prayer, the motion to suppress alleged only that "the evidence to be used against the defendants was not seized incidental to a valid arrest and/or search."
The ruling of the trial judge was correct, but not for the grounds he stated. We have this day in State v. Melson, La., 284 So.2d 873, interpreted State v. Anselmo, supra, as prohibiting only a traverse of the affiant's informer's allegations. In Melson we recognized, upon a proper showing, the right of the defendant to traverse the allegations of the affiant. In the Melson case an amended motion to suppress set out the particular portion of the affidavit which the defendant claimed to be mistaken, and referred to the reason (a stipulation made by the State on another motion) for the belief that the affidavit was in error.
This should be the minimum requirement before the court should be required to hear testimony concerning the truthfulness of the contents of the affidavit upon which the search warrant is issued. The defendant must demonstrate a genuine issue to enable the court to regulate the proof, and to allow the State an opportunity to produce the evidence relevant to the issue.
An allegation that the evidence "was not seized incidental to a valid arrest and/or search" will not justify the exercise of the judicial process merely to explore whether the affiant was truthful.
Nowhere in the argument on the motion to suppress did the lawyer for the defendants indicate the reason for doubting the truthfulness of the affidavit.[1]
For these reasons, the writ previously issued herein is recalled, having been improvidently granted, and the case is remanded for further proceedings.
SANDERS, C. J., concurs in the result.
SUMMERS, J., concurs in result and assigns reasons.
SUMMERS, Justice (concurring).
I agree that the writ was improvidently issued, but I do not agree with the dicta in the majority opinion which seeks to modify the effect of our holding in State v. Anselmo, 260 La. 306, 256 So.2d 98 (1972). I have assigned reasons for this position in a dissenting opinion handed down today in State v. Melson, La., 284 So.2d 873. See also State v. Petillo, 61 N.J. 165, 293 A.2d 649 (1972), cert. denied, 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611.
NOTES
[1] "My main purpose for examining Agent Bayer was to question him in connection with the facts which he recited in his application for and the sworn proof of probable cause. He went before the magistrate. We have not had the opportunity to have a contradictory hearing on behalf of the defendants whereas, we can question Agent Bayer to see if probable cause did, in fact, exist. So that was my main reason for wanting to question him at this motion to suppress. Secondly, he talks in his application about confidential informers. I'm fully aware that he does not have to disclose the name of his confidential informers but when he states in his application that he received certain information from a confidential informer together with all the other pertinent information, the information which he puts in his application, I certainly think that the opportunity to question him regarding the information received from the confidential informant, how he applied this information in obtaining the search warrant is certainly grounds to find out if, in fact, probable cause did or was present for the committing magistrate to sign the search warrant. So it would be limited strictly to his credibility and the actual reasons for probable cause existing for the search warrant." Argument of counsel for defendants in motion to suppress.