368 So.2d 1000 (1979)
STATE of Louisiana
v.
Janice M. WHITE.
No. 62863.
Supreme Court of Louisiana.
March 5, 1979.
Rehearing Denied April 9, 1979.
Roy S. Halcomb, Jr., Broussard, Bolton & Halcomb, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst: Atty. Gen., Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
CALOGERO, Justice.[*]
Defendant Janice M. White was charged by bill of information with possession of phencyclidine with intent to distribute in violation of La.R.S. 40:967. The defense moved to suppress evidence seized from her home pursuant to a search warrant. The trial judge denied the motion. Defendant thereupon entered a plea of guilty to simple *1001 possession of phencyclidine, reserving the right to appeal on the denial of the motion to suppress. Having waived all legal delays, defendant then was sentenced to serve three (3) years at hard labor. The sentence was suspended, and defendant was placed upon active probation for two (2) years and was fined $500. Defendant now appeals the denial of the motion to suppress to this Court and assigns nine errors presenting four arguments. We find that none of defendant's arguments have reversible merit and will herein discuss only Arguments I, III, and IV.[1]

ARGUMENT NO. I

ASSIGNMENTS OF ERROR NOS. 1, 2, 3 AND 4
By assignments of error numbers one, two, three and four, defendant argues that the search warrant was invalid because it did not establish probable cause. These assignments concern the date appearing on the affidavit.
On January 12, 1978, Adrian Lamkin, a narcotics officer, took a completed search warrant and affidavit to Judge George M. Foote of the Alexandria City Court. The affidavit states as follows:
"Affiant was contacted by a proven reliable and confidential informant on January 12, 1977, and was told the following information: Within the past 60 hours the confidential informant has been within the above described residence and while there did see a quantity of substance the informant knows to be marijuana. The informant knows the drug marijuana due to the prior experience informant has had with the drug in past one year. Informant has also made very closely supervised controlled purchases of marijuana for the affiant within the past year. Informant has given pertinent information relative to narcotics traffic in the Rapides Parish area on at least 10 occasions to the affiant. This information has always proven to be correct and true by direct and investigation of affiant or thru [sic] coroberation [sic] thru [sic] intelligance [sic] information already known to city parish narcotics office." [emphasis provided]
The subscription by Judge Foote at the bottom of the affidavit bore the date January 12, 1978. The search warrant itself signed by Judge Foote was dated January 12, 1977. A search of defendant's residence on January 12, 1978 produced phencyclidine which was the subject of the motion to suppress.
By these first four assignments defendant contends that because the affidavit states that the affiant was contacted by a confidential informant on January 12, 1977 the judge could not have determined that probable cause existed on January 12, 1978.
Over defense objection that the state should not be permitted to present evidence to modify the affidavit at the hearing on a motion to suppress, the affiant police officer testified that the entry of 1977 was a mistake, that it was indeed January, 1978 that he meant, but that he had been writing 1977 for a year and just "put the wrong date down there."
The state relies upon State v. Rey, 351 So.2d 489 (La.1977) and the approach taken by this Court to inaccurate statements in affidavits. In Rey we followed in this respect the Fifth Circuit Court of Appeal's case of U. S. v. Thomas, 489 F.2d 664 (5th Cir. 1973) cert. denied 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975). The two step process outlined in Thomas is to first determine whether the inaccuracies are intentional and if the misrepresentations are found to be unintentional then to determine probable cause without reference to the inaccurate statements. The defense counters that State v. Rey is applicable only where it is the defendant who is attacking the correctness of facts contained in affidavit in an attempt to have a warrant declared unconstitutionally issued. Defendant contends *1002 the rule is not applicable in the instant case where it is the state attacking the correctness of facts contained in the affidavit in an attempt to uphold the warrant.
We find it unnecessary to resolve the issue on these conflicting arguments or in reliance upon State v. Rey, because a common sense reading of the affidavit makes it evident that the affiant intended January 12, 1978 rather than January 12, 1977. When the officer presented this affidavit to Judge Foote on January 12, 1978 and when Judge Foote subscribed January 12, 1978 at the bottom, the affidavit contained affiant's assertion in support of the informant's reliability that the informant knew the drug marijuana because of his prior experience with the drug within the past one year. The officer is obviously stating that the information secured on the date this affidavit was presented to the judge, January 12, 1978, is reliable in part because the informant has had prior experiences, i. e. prior experiences within the past year or within the twelve month period prior to January 12, 1978, the date the affidavit was presented to the judge.
Thus from the face of the warrant itself it is evident that affiant is relating that the confidential information was obtained on January 12, 1978. There is thus no merit to this assignment.

ARGUMENT III

ASSIGNMENT OF ERROR NO. 8
In this assignment defendant contends that the trial court impermissibly restricted cross-examination of the affiant at the hearing on the motion to suppress. At that hearing defense counsel asked the affiant whether the confidential informant to his knowledge had a record of arrests or convictions. When the state objected to the question, the trial court sustained the objection finding that the question was aimed at attacking the informant's credibility.
As this Court held in State v. Giordano, 284 So.2d 880 (La.1973) and State v. Melson, 284 So.2d 873 (La.1973), allegations made by the affiant himself may be traversed as untruthful on the affiant's part upon a proper showing of a genuine issue of falseness of the affidavit. However, the credibility of the affiant's informant or the correctness of the information furnished by the informer may not be attacked on the motion to suppress. State v. Tassin, 343 So.2d 681 (La.1977); State v. George, 273 So.2d 34 (La.1973).
Although defendant in brief contends that his questions were aimed at the allegations the affiant made about the informant's credibility, the effect of the questions about the informant's criminal record would be to attack the informant's credibility. Consequently, it was not error for the trial court to disallow this line of questioning.

ARGUMENT IV

ASSIGNMENT OF ERROR NO. 9
By this assignment defendant contends that the search warrant which was dated January 12, 1977 had expired and could not have been legally executed on January 12, 1978. Defendant argues in brief that the warrant which was executed on January 12, 1978 was executed in violation of La.Code of Crim.Pro. article 163 which requires that a search warrant be executed within the tenth day after its issuance.
As we indicated in assignment number one, the warrant which was mistakenly dated January 12, 1977 was actually issued on January 12, 1978 and was executed the same day. The affidavit in support of the warrant was correctly dated January 12, 1978 and it is obvious from the face of the affidavit that probable cause was established on January 12, 1978. (See Argument I). The purpose of the requirement in Article 163 that warrants be executed within ten days of their issuance is to prevent the information supporting probable cause from becoming stale. In this case, the warrant was issued on the same day that it was executed. The fact that the warrant was mistakenly dated 1977 and not 1978 does not make its execution invalid.

*1003 Decree

For these reasons the conviction and sentence of defendant Janice White are affirmed.
AFFIRMED.
NOTES
[*] Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.
[1] In Argument II (Assignments 5, 6, 7), defendant contends that the search warrant without respect to the improper date fails to show probable cause. This argument which also lacks merit will be discussed in an appendix not published with this opinion.