373 So.2d 170 (1979)
STATE of Louisiana
v.
Lester Glen PASTER.
No. 63811.
Supreme Court of Louisiana.
June 25, 1979.
*172 Gilmer P. Hingle, Smith & Hingle, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., Lavalle Bernard Salomon, Asst. Dist. Atty., Monroe, for plaintiff-appellee.
DIXON, Justice.
Defendant, Lester Glen Paster, was charged by bill of information with the possession of a controlled dangerous substance (marijuana) with intent to distribute, R.S. 40:966. Defendant waived trial by jury and was found guilty after a trial by the court. Defendant was subsequently sentenced to serve six years at hard labor in custody of the Department of Corrections but the court suspended sentence and placed him on supervised probation for five years conditioned on defendant serving one year imprisonment without hard labor in the parish prison and other conditions in the record. On appeal, defendant argues four assignments of error.

Assignments of Error Nos. 1 and 3b
Defendant contends that the trial court erred at the hearing on his motion to suppress and at the trial when it denied him the opportunity to test the veracity of the affiant, a police officer, and the veracity of the confidential informants. Defendant argued that the allegations in the affidavit that one informant personally saw marijuana in defendant's possession in his residence and vehicle within seventy-two hours before the warrant application were false, because defendant was in Houston, Texas during the specified time, and his vehicle and house were locked and vacant.
The following allegations were included in the affidavit to support the search warrant application:
"OATH IN SUPPORT OF SEARCH WARRANT
BEFORE ME, the undersigned Judge of the Fourth Judicial Court, personally came and appeared Deputy Royce Toney of the Ouachita Parish Sheriff's Office, WHO, BEING duly sworn by me, depose and says the following:
Probable cause exists for the issuance of a search warrant authorizing the search of the residence & vehicle, located at 1933 CAGLE DRIVE, and a vehicle operated by Glenn Paster which is further described *173 as a 1970 Olds Cutlass bearing 32F822 where the following items are believed to be: CONTROLLED DANGEROUS SUBSTANCES: ESPECIALLY BUT NOT LIMITED TO MARIJUANA
THE PROBABLE CAUSE is based on the following: WITHIN the last two months your affiant has been contacted by a confidential informant and this confidential informant has proven reliability to your affiant by furnishing information which has lead (sic) to at least five persons being arrested for narcotic law violations. This reliable confidential informant has provided information to your affiant which has lead (sic) to search warrants being issued and narcotics being seized upon execution of the search warrants. This reliable confidential informant has purchased marijuana and given said marijuana to your affiant and said marijuana tested to be genuine. This reliable confidential informant has had the occasion within the last seventy-two hours to be in both the above described vehicle and in the residence, and while in the residence and vehicle the reliable confidential informant observed marijuana in the possession of Glen Paster.
Your affiant has received information within the last seven days from another reliable confidential informant that observed a quantity of marijuana in the above described residence, said informant has provided information which has lead (sic) to at least 10 arrests and has provided affiant with control (sic) dangerous substance, i. e. marijuana which when tested proved to be marijuana."
At the motion to suppress, after the affiant testified that the facts alleged were true according to the account given by his informant, defense asked the affiant for the identity of the informant. The court immediately sustained the state's objection, but gave defendant the opportunity to argue his reasons. Defendant then argued that he intended to demonstrate that the information was false because defendant was in Houston at the time specified in the warrant, and that he needed to question the informant because he had to prove whether the affiant or the informant provided the false information. When defendant attempted later to testify regarding his whereabouts during the time the informant allegedly personally observed defendant in the possession of marijuana, the state objected, contending that this testimony was not relevant to the veracity of the affiant. The trial court sustained the objection, which ended the hearing.
In brief defendant argues that he can show that the information was false but cannot carry the burden of proving who falsified the information without the identity of the informant. Defendant argues that the trial court erred in not allowing him to develop fully the facts surrounding the affidavit by cross-examining the affiant and by not allowing him to call witnesses to testify to the falsity of the information. Defendant finally contends that the above denial meant he could not confront and cross-examine the witnesses against him.
Defendant's contention concerning the trial court's disallowing him to present his case is meritorious. It is well established that the credibility of the affiant's informant may not be attacked on a motion to suppress. State v. White, 368 So.2d 1000 (La.1979); State v. Williams, 366 So.2d 1369 (La.1978); State v. Tassin, 343 So.2d 681 (La.1977); State v. Cox, 330 So.2d 284 (La. 1976); State v. George, 273 So.2d 34 (La. 1973); State v. Anselmo, 260 La. 306, 256 So.2d 98 (1971), as interpreted by State v. Giordano, 284 So.2d 880 (La.1973); State v. Melson, 284 So.2d 873 (La.1973). However, the credibility of the affiant himself may be traversed on a proper showing of "a genuine issue of the affiant's veracity supported by convincing allegations of fact which, if proven, would establish the falsity of the affidavit." State v. Cox, supra, 330 So.2d at 292 (on rehearing); State v. Giordano, supra, 284 So.2d at 881.
In the instant case, defendant made the proper showing in his allegations of fact in his motion to suppress to obtain the hearing, but the trial court incorrectly prevented defendant at the hearing from further *174 developing the facts surrounding the seeming untruthfulness of the affiant's affidavit and the consequential illegality of a warrant secured by untruthful allegations. Defendant should have been allowed to testify concerning from where he was coming when he arrived with a suitcase in hand at 3:30 a. m. to find officers searching his house. Defendant should have also been allowed to introduce at the hearing his witnesses whom he claims would substantiate his alibi. Instead, after the affiant testified that he was given the information by his informant, the trial court considered defendant's attack on the truthfulness of the information contained in the affidavit as a prohibited attack on the informant. Thus, no matter how substantial defendant's allegations, the trial court automatically prohibited him from challenging further the truthfulness of the affiant and prevented him from establishing that his house might have been searched pursuant to a search warrant issued without probable cause.
Therefore, we find that the trial court erred in not allowing the defendant to present his entire case. Consequently, we reverse the trial court's denial of the motion to suppress and remand this case for a second hearing on the issue whether the affiant had probable cause to support the issuance of a search warrant. At that hearing, defendant will be permitted to attack the allegations in the affidavit and the veracity of the affiant, and may show, if he can, that it was impossible for the affidavit to be true. After defendant has produced his evidence, and if he carries his burden of establishing by a preponderance of the evidence, Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that the affidavit contains false statements, then the burden of proof will shift to the state to prove that the allegations in the affidavit are true, or that the informant misrepresented the situation but the affiant reasonably believed him and thus had probable cause.[1]
After both the defendant and the state have presented their evidence the trial court must decide whether the statements were false, and, if so, whether the affiant intentionally or unintentionally included them in the affidavit or whether the informant falsified the information but the affiant reasonably believed him and thus had probable cause. If the trial court finds that the information was false and the misrepresentations were intentionally made by the affiant, then the warrant should be quashed; but if they were unintentionally made by the affiant, then the warrant is tested for probable cause without reference to the incorrect facts. State v. Rey, 351 So.2d 489, 491-492 (La.1977).[2] If the state *175 carries its burden of proving the information was true or that the affiant reasonably believed his informant's information then the trial court should find that the warrant was issued based on probable cause.

Assignment of Error No. 1b
Defendant contends that the trial court erred in overruling his motion to quash and in finding that prosecution for several offenses for the same conduct was not prohibited by federal and state constitutions.
Although defendant submits this assignment on the record and attempts to reserve his right to argue it if the multiple prosecution continues, we find this assignment lacking in merit. Defendant alleged in his motion to quash that he was put in double jeopardy, which attached when defendant was allegedly charged with both possession of marijuana and possession of marijuana with the intent to distribute, and with both resisting an officer and simple escape, all arising out of the same occurrence. At the hearing on the motion, no one could find the information charging defendant with simple possession and the trial court denied the motion explaining that when defendant was actually tried for the other charges, not when he was charged, then he could plead double jeopardy.
The trial court correctly ruled. Defendant has only been charged with the other offenses, and has not been placed in jeopardy. Jeopardy attaches in a bench trial when the first witness is sworn, C.Cr.P. 592; Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); State v. Daigle, 344 So.2d 1380 (La.1977).
This assignment lacks merit.

Assignment of Error No. 2
Defendant contends that the trial court erred in denying his motion seeking the return of his seized vehicle without cost. The defense alleges that the vehicle was seized pursuant to an unconstitutional vehicle seizure statute, a search warrant based on materially false information, and without any necessity for seizing and searching the vehicle thus resulting in an unconstitutional denial of property without due process.
The record indicates that officers had a search warrant to search defendant's residence and vehicle for marijuana, and when defendant entered his residence the deputies were searching it, but had not yet searched the vehicle. Defendant was arrested, handcuffed and left unguarded in the kitchen while the officers continued the residence search. When officers returned to the kitchen, defendant was gone. While some of the officers pursued defendant, Deputy Toney had defendant's vehicle towed to a service station used as storage facility by the sheriff's department. At the storage facility defendant's vehicle was searched and released subject to a towing fee and storage charge.[3]
At the hearing on defendant's motion the trial court noted that the real issue was the liability for the towing and storage charges, and not whether defendant was entitled to his vehicle, and found that the dispute was a civil matter. The trial court correctly denied the motion. The matter is not subject to resolution by the trial court during the criminal case against defendant. It is analogous to the procedure of collecting *176 fines in criminal cases. C.Cr.P. 886 provides that nonpayment of fines and costs in criminal matters may be enforced in the same manner as money judgments in civil cases. The issue of whether defendant owes these fees, although arising incidentally to a criminal prosecution, should be decided by a civil suit action.
This issue was not decided by the trial court, was not essential to the criminal prosecution, and is not properly before this court for appellate review.
This assignment lacks merit.

Assignment of Error No. 3a
Defendant contends that the trial court erred in overruling defendant's second motion to suppress the fifteen pounds of marijuana found in his suitcase because the seizure was allegedly outside the scope of the search warrant, and that the state should have been assessed with the burden of proving the legality of the warrantless search.
While officers were searching defendant's residence pursuant to a search warrant, an automobile stopped in front of the residence and defendant alighted with his suitcase. Defendant proceeded to his front door, put his suitcase down at the door and attempted to unlock the door. The evidence is contradictory concerning whether defendant entered the house. Defendant testified that officers came out of the house and he started to walk away. Officers testified that defendant entered the house with his suitcase and immediately backed out when the officers announced he was under arrest. Both sides agreed that officers seized defendant and his suitcase in front of his residence within five to ten feet of the front door. Officers took the suitcase inside the house and the subsequent search revealed fifteen pounds of marijuana inside the suitcase.
The trial court, after listening to this conflicting testimony, denied the motion and held that defendant had entered his residence with the suitcase in his hand before he backed out and dropped or placed the suitcase five or so feet from the front door.
If the search warrant was valid, the trial court did not abuse its discretion in denying this motion. The trial court is in the best position to determine the credibility of the witnesses when conflicting testimony occurs at a hearing.
In the instant case, the search warrant authorized the search of the residence occupied by the named defendant, his vehicle and "any person at the ... described location at the time of the search." Therefore, this search warrant gave officers authority to search the named occupant of the residence and, by implication, objects in his immediate control and possession, such as a purse[4] or a briefcase,[5] if the occupant arrived at his residence or was in his residence at the time of the search. Here, the trial court found that the defendant did enter his residence before the search.
*177 If the search warrant is valid, the trial court properly denied defendant's motion to suppress the evidence seized from the suitcase.

Assignment of Error No. 3c
Defendant contends that the trial court erred in admitting state's exhibits one through four and six through nine on grounds that the chain of custody was not properly established and the items were not positively identified by state's witness, Trooper Mayfield.
To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Drew, 360 So.2d 500 (La.1978).
Although Trooper Mayfield did not positively identify the exhibits, his testimony, combined with Deputy Toney's testimony, established more probably than not that the exhibits were the ones connected with the case. The evidence was properly identified.
This assignment lacks merit.

Assignment of Error No. 3d
Defendant contends that the trial court erred in denying defendant the right to traverse (1) the information recited by the affiant for the search warrant and (2) the justification of the affiant's recitation of reliability of the information. These errors allegedly occurred when the court (a) refused defendant the right to impeach his own witness, Allen Ellis, concerning whether he was one of the informants; (b) refused defendant the right to impeach the credibility of the affiant; (c) denied him the right to explore all the facts surrounding the affidavit allegations through interrogation of Mr. Ellis and the affiant; (d) denied defendant the identity of the informant because he wanted to know whether the affiant or the informant falsified the information.
This assignment of error relating to challenging the veracity of the affiant and revealing the identity of the informant is treated above; only the issue of impeaching one's own witness is considered here. Mr. Ellis was employed by the Monroe Housing Authority and was familiar with defendant's apartment, but he testified that he did not know whether he was in defendant's apartment between Christmas and the search, December 30, 1977; that he had no dealings with the affiant; that he did not talk with the deputy regarding defendant's residence; and that he did not supply information concerning marijuana in defendant's residence. Defendant then called the affiant to the stand attempting to learn whether Mr. Ellis was the "informant" mentioned in the affidavit. The court sustained the state's objection that the state did not have to disclose the name of the informant. Next defendant questioned the affiant concerning whether he knew Mr. Ellis and whether he had spoken to him before trial, but the court again sustained the state's objection that the defense was impeaching its own witness. Finally, defendant recalled Mr. Ellis and attempted to impeach his prior denials; the trial court once again sustained the state's objections.
One cannot impeach his own witness unless he is taken by surprise by the witness' testimony or unless the witness demonstrates hostility toward the party on whose behalf he is testifying. R.S. 15:487. To show surprise, the party calling the witness must show that the witness testified upon some material matter against him in favor of the other side; it is not sufficient to show that the witness did not testify as expected. R.S. 15:488. See, State v. Wilson, 360 So.2d 166 (La.1978).
*178 Defendant claims that he expected Mr. Ellis to testify that he was the informant and, accordingly, was surprised when Mr. Ellis denied being the informant and providing the affiant, Deputy Toney, with any information. Defendant claims that Mr. Ellis was the only person with a key who could have entered the apartment. However, the record does not indicate that defendant attempted to show that no other housing authority employee could have entered the residence. Defendant could not realistically be surprised that a witness would deny being an informant.
The trial court did not err in sustaining the state's objections, because the defendant showed neither genuine surprise, nor that the informant's identity was important to the question of guilt or innocence. Therefore, defendant could not impeach his own witness.
This assignment lacks merit.

Assignment of Error No. 4
Defendant contends that the trial court erred in denying the defense motion for a new trial because the testimony indicated that the information within the search warrant supporting affidavit was false and defendant should be given an opportunity to traverse the affiant, and also because the defendant's suitcase was not within the scope of the search warrant and the suitcase and its contents were improperly introduced at trial.
A new trial should be granted when the court errs in ruling on a written motion or an objection and prejudice results to the defendant. C.Cr.P. 851(2). When it is unclear whether the court erred or whether a prejudicial error resulted, the case may be remanded to the trial court for further proceedings. See, State v. Weber, 364 So.2d 952, 957-958 (La.1978); State v. Simmons, 328 So.2d 149, 153 (La.1976). See also, Franks v. Delaware, supra, where the Supreme Court remanded the case for a determination whether the allegations in the affidavit supporting the search warrant were false, and, if so, whether probable cause still existed when the false information was set aside.
We remand the present case for a second hearing on the motion to suppress, and it is not necessary at this time to reverse the conviction and order a new trial because the error for which we are remanding may not be reversible. We reserve to the defendant the right to appeal an adverse ruling. In the absence of such an appeal, his conviction and sentence will be affirmed.
This case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents on the credibility of the affiants informant may not be attacked on a motion to suppress. State v. Melson, 284 So.2d 873 (La.1973)
MARCUS, Justice (dissenting).
It is well established that the credibility of the affiant himself may be traversed on a proper showing of "a genuine issue of the affiant's veracity supported by convincing allegations of fact which, if proven, would establish the falsity of the affidavit." State v. Cox, 330 So.2d 292 (La.1976) (on rehearing). However, the credibility of the affiant's informant or the correctness of the information furnished by the informant may not be attacked on a motion to suppress. State v. Tassin, 343 So.2d 681 (La. 1977) (on rehearing); State v. Giordano, 284 So.2d 880 (La.1973); State v. Melson, 284 So.2d 873 (La.1973). As this court stated in Melson:
There are ... factors which justify treating the veracity of the affiant and the veracity of his informer differently. There is sometimes a need to protect the identity of informers. But see Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Criminal activity in today's society seems to demand speed and efficiency in police work, consistent with constitutional standards; the constitutional prohibition against the issuance of search warrants is relaxed when there is probable cause for a magistrate *179 to act, a finding reached with much less reliable evidence than real and actual cause.
See also McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).
In the instant case, I cannot say that the trial judge erred in denying the motion to suppress based on the alleged misrepresentation in the supporting affidavit. The alleged misrepresentation relied upon by defendant to destroy probable cause is not that of the affiant, and thus does not go to the integrity of the affidavit. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). Defendant has the right only to traverse allegations of the affiant upon a proper showing; he may not controvert those of the confidential informant. State v. Melson, supra; McCray v. Illinois, supra. Accordingly, I respectfully dissent.
NOTES
[1] The issue at a suppression hearing is whether the affiant was truthful, not whether the informant was truthful, because, if the informant lied, but the officer reasonably believed him, it cannot be said that the officer acted without probable cause. Grano, A Dilemma for Defense Counsel: Spinelli-Harris Search Warrants and the Possibility of Police Perjury, 1971 U.Ill. Law Forum, 405, 447, citing McCray v. Illinois, 386 U.S. 300, 307, 87 S.Ct. 1056, 1060, 18 L.Ed.2d 62, 68 (1967), and Kipperman, Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence, 84 Harv.L.Rev. 825, 827 (1971).
[2] In State v. Rey, we explained this rule:

"The Fifth Circuit Court of Appeals was faced with this problem in U. S. v. Thomas, 489 F.2d 664 (5th Cir. 1973), cert. denied, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975). That court noted that when faced with an affidavit containing inaccurate statements the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. If, however, the misrepresentations were intentionally made, a different result is required. Because these distorted statements constitute a fraud upon the courts and represent impermissible overreaching by the government, a warrant based on an affidavit containing intentional misrepresentations must be quashed.
We are in agreement with the approach described by the Fifth Circuit and adopt it as our own. The primary purpose of the exclusionary rule is the deterrence of such deliberate governmental wrongdoing, and this policy is best served by quashing the warrant.
... therefore, our inquiry becomes first, whether the inaccurate statements were intentionally made.1 If the misrepresentations are found to be unintentional, it must then be decided whether a showing of probable cause is made by the warrant without reference to the incorrect facts." 351 So.2d at 492.
The court defined the term "intentionally" in n. 1:
"As noted by the court in Thomas, the term `intentionally' must be used here to mean deliberate act made for the purpose of deceiving the magistrate."
[3] The seizure of defendant's vehicle was to facilitate the officers in conducting their search of the vehicle pursuant to the warrant and it was legal if the warrant provided probable cause to search the vehicle. Because defendant, who had the keys to the vehicle, escaped during the house search, the vehicle search at that time was impractical and the seizure, search and storage of the vehicle was a reasonable alternative to protect any evidence in the vehicle. Exigent circumstances can justify the search and seizure of a vehicle even without a warrant. State v. Wilbourn, 364 So.2d 995 (La.1978). In this case, where officers were faced with an exigent circumstance (possible movement of the vehicle and destruction of possible evidence in it) and had a warrant for the search of the vehicle, the seizure was reasonable.
[4] In U. S. v. Teller, 397 F.2d 494 (7th Cir. 1968), the defendant with her purse in hand arrived during the search of her residence pursuant to a search warrant which apparently did not authorize a search of anyone found in the residence. The defendant argued that the purse is an extension of the person, the search of it was illegal, and the evidence found in it should be suppressed. The court concluded that it was contrary to the facts to hold that a search of a purse lying upon a bed, where defendant placed it, constituted a search of the person of that owner. The court reasoned that "defendant's purse lying on the bed was merely another household item subject to the lawful execution of the search warrant which the federal agents held and were enforcing," and found the search valid. 397 F.2d at 497.
[5] In U. S. v. Micheli, 487 F.2d 429 (1st Cir. 1973), the court discussed the scope of a warrant to search the premises which did not include a personal search. The court noted that a search of clothing currently worn by someone who happened to be present at the time of the search of the premises would be "plainly within the ambit of a personal search and outside the scope of a warrant to search the premises. But a personal effect such as a briefcase, carried on to the premises and then tucked under a desk, does not clearly fall either within the realm of a personal search or a search of the premises." 487 F.2d at 431. The court upheld the search of the briefcase even though the warrant did not include a personal search.