DENNIS, Justice.
This is defendant’s second appeal raising the question of whether a police officer used false information in his affidavit to obtain a search warrant. ■ On our first review, we concluded that the defendant had been deprived of his right to elicit testimony to show that the affidavit contains false statements. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); State v. Rey, 351 So.2d 489 (La. 1977). Accordingly, we remanded the case for an evidentiary hearing for this purpose, with the following instructions:
“ * * * At that hearing, defendant will be permitted to attack the allegations in the affidavit and the veracity of the affiant, and may show, if he can, that it was impossible for the affidavit to be true. After defendant has produced his evidence, and if he carries his burden of establishing by a preponderance of the evidence, Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that the affidavit contains false statements, then the burden of proof will shift to the state to prove that the allegations in the affidavit are true, or that the informant misrepresented the situation but the affiant reasonably believed him and thus had probable cause.
After both the defendant and the state have presented their evidence the trial court must decide whether the statements were false, and, if so, whether the affiant intentionally or unintentionally included them in the affidavit or whether the informant falsified the information but the affiant reasonably believed him and thus had probable cause. If the trial court finds that the information was false and the misrepresentations were intentionally made by the affiant, then the warrant should be quashed; but if they were unintentionally made by the affiant, then the warrant is tested for probable cause without reference to the incorrect facts. State v. Rey, 351 So.2d 489, 491-492 (La.1977). If the state carries its *56 burden of proving the information was true or that the affiant reasonably believed his informant’s information then the trial court should find that the warrant was issued based on probable cause.” [footnotes omitted] State v. Paster, 373 So.2d 170, 174 (La.1979).
Apparently the trial judge misunderstood our instructions, because at the evidentiary hearing he sustained a prosecution objection to the introduction of evidence by defendant to show that the affidavit contains false statements. Our instructions did not restrict defendant to an attack upon the allegations in the affidavit complained of in his first appeal. The case was remanded and a hearing was ordered because a genuine issue has been raised as to the affidavit’s veracity. In the interest of justice, the defendant’s right to show that the affidavit was based on false information cannot be limited on remand by his initial pleadings or assignment of error. If the prosecution is genuinely surprised because of reliance on the allegations in defendant’s motion to suppress, its proper relief is a continuance, not exclusion of defendant’s evidence. Accordingly, the case is again remanded for further proceedings consistent with this opinion and our initial opinion.
REMANDED.
MARCUS and BLANCHE, JJ., dissent and assign reasons.