BARRY, Judge.
Defendant Leroy F. Olsen pled guilty to three counts of gambling, LSA-R.S. 14:90, but reserved his right to appeal the denial of his motion to suppress.[1] He was fined $500.00 on each count or five months in Parish Prison; two counts were suspended.
Defendant attacks the search warrant on two grounds: affiants made false statements in the affidavit and the affidavit was insufficient for the magistrate to determine that evidence of a crime was in the premis *441 es to be searched, 7700 New Castle Street. By brief defendant argues the trial judge erred by refusing to allow disclosure of the confidential informant.
The record is void of any request by defendant for the identity of the informant, except for a statement in the motion to suppress asking for the right to cross-examine. By entering a guilty plea defendant waived all non-jurisdictional defects. He only reserved his right to appeal the denial of the motion to suppress. The defendant may test the veracity of the affiant at the suppression hearing. However, a motion to suppress is an inappropriate means to challenge the informant's credibility or to request the informant’s identity. State v. Paster, 373 So.2d 170 (La.1979). Therefore, this issue is not before us.
The affidavit recounted information from the informant, such as the phone number to place bets with defendant and a telephone number forwarding system, both of which were verified in defendant’s name. The officers knew the defendant from prior arrests for gambling. They conducted a stakeout of defendant’s residence at 7700 New Castle and observed his movements to 7579 Forest Glynn Road in a blue and white Cadillac. With an officer listening, the informant dialed defendant’s phone number and placed a bet with “Leroy”. The affidavit provided detailed information on the surveillance which occurred on January 7-8, 1981.
A warrant was issued to search 7700 New Castle Street and the return lists the following seized property:
“one brown wall telephone
one Texas calculator
one stapler
numerous pages of illegal wagers
two beige telephones
pens
other gambling paraphernalia
turf & sports mirrors.”
At the hearing on the motion to suppress, the State submitted the matter based on the warrant and affidavit. The defense offered two alibi witnesses and the defendant.
George Strickland, a-mutual manager at the Fairgrounds, testified that window sheets and a balance sheet dated January •8, 1981 (the second day of the surveillance) indicated the defendant, an employee at the Fairgrounds, worked' a full day during which the alleged stakeout took place. Strickland admitted he did not remeber seeing defendant on that date and it was possible another person used defendant’s identification card.
Dominick Petaglia, a friend of defendant’s, testified the blue and white Cadillac police saw defendant allegedly drive between New Castle Street and 7579 Forest Glynn Road belonged to his wife. He stated the defendant never drove the car which was always parked at the Petaglia home, 7579 Forest Glynn Road. He maintained that he and his wife were home on January 7 and 8 and the defendant did not go there.
Defendant identified his signature on the Fairgrounds balance sheet and asserted he was working there on January 8, 1981. He insisted he never drove the blue and white Cadillac. On cross-examination he admitted a gambling conviction in 1973 and acknowledged that he lied on his application for employment at the Fairgrounds by stating he had never been arrested or convicted of gambling.
The trial judge had to compare and assess the facts in the affidavit with the account given by defendant and his witnesses. • That determination of credibility is given great weight and will not be overturned absent an abuse of discretion. State v. Loyd, 425 So.2d 710 (La.1982). The trial judge made a fact call which is fairly well supported by the record and we have no,basis to find error.
Defendant’s next assignment claims the affidavit fails to present sufficient factual information to support the search warrant. Art. 1 Sec. 5 of the 1974 Louisiana Constitution requires that a search warrant issue only upon an affidavit that establishes probable cause to the satisfaction of the *442 issuing magistrate. C.Cr.P. Art. 162. “Probable cause exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” State v. Johnson, 408 So.2d 1280, 1283 (La.1982).
Where an informant’s tip is an essential part of the affidavit, it must set forth underlying circumstances which inform the magistrate that the informant and the information given by him are credible and reliable. State v. Tranum, 384 So.2d 367 (La.1980). The determination of probable cause to issue a search warrant does not involve proof beyond a reasonable doubt, but turns on probabilities within the particular factual context.
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, there is a “fair probability” that evidence of a crime will be found in a particular place; and the task of the reviewing court is simply to insure that the magistrate had a “substantial basis” for concluding that probable cause existed. (Emphasis in original) State v. Lingle, 436 So.2d 456, 460 (La.1983) citing Illinois v. Gates, — U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
The magistrate’s determination of probable cause is entitled to great deference by the reviewing court and marginal cases should be resolved in favor of finding the magistrate’s assessment reasonable. State v. Rodrigue, 437 So.2d 830 (La.1983).
This case began with a confidential informant. The warrant’s affidavit states the informant had been reliable and previous information led to convictions involving illegal gambling. The “tip” was allegedly based on the informant’s personal participation in the gambling activities. Thus, the warrant provided sufficient facts to support the informant’s credibility. Additionally, the officers corroborated the information by verifying the phone number listed to defendant and the call forwarding system at 7700 New Castle Street. The surveillance and the officer’s listening on an extension phone while the informant placed a bet with defendant further corroborated the informant.
The affidavit is also sufficient to support a reasonable belief that evidence of the crime could be found at either address, particularly at 7700 New Castle Street. The phone number was listed to defendant at that address. On January 7 and 8, 1981 police officers observed defendant exit New Castle Street carrying papers and arrive at Forest Glynn Road with the papers. While defendant was at Forest Glynn, the informant, with an officer watching and listening, called and made a wager with “Leroy.”
The totality of circumstances presented to the issuing magistrate established a “fair probability” that evidence of a crime would be found in 7700 New Castle Street.
The judgment of the district court denying the motion to suppress is affirmed.
AFFIRMED.

. A hearing was held on August 31, 1981. That transcript was lost and a second hearing was held on September 3, 1982.