461 So.2d 403 (1984)
STATE of Louisiana
v.
David ROBINSON.
No. KA 1770.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
*404 Joseph W. Thomas, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, BARRY and CIACCIO, JJ.
CIACCIO, Judge.
David Robinson was charged with the offense of armed robbery and was found guilty as charged, after a bench trial.[1] R.S. 14:64. Defendant was sentenced to serve ten (10) years imprisonment in the Department of Corrections. He appeals his conviction and sentence, relying upon one assignment of error. We affirm.
On December 20, 1981 at approximately 7:00 p.m., in the 5500 block of Loyola Street in New Orleans, Mr. and Mrs. George Fleming had just returned to their home from church. They exited their automobile and proceeded on foot towards the intersection of Joseph and Loyola Streets. Shortly before they reached the intersection, a man approached them from a car he had just left, which was parked on Joseph Street, just beyond the intersection. As this subject approached the Flemings, a second subject exited the parked car and positioned himself with a gun overlooking the top of the car. The first subject was a *405 black male, dressed in a cap with a yellow band and a jacket which had light bands around the neck and down the sides of the opening. The second subject, a black male, wore a ski mask and a jacket.
The first subject passed Mrs. Fleming on the street and then grabbed her, from behind, around her chest and mouth. He ordered her to lie on the ground and to give up her pocketbook, which she did.
The second assailant approached Mr. Fleming, held a gun to his chest and demanded the victim's wallet. He then struck Mr. Fleming with the gun, three times, in his face and various parts of his body. Mr. Fleming then gave up his wallet.
Mrs. Fleming began to scream for help during this attack. She attracted the attention of her neighbors and they came to the couple's aid. This caused the two perpetrators to flee the crime scene.
About two weeks after the commission of the crime New Orleans Police Officers, Brian Winniger and Lionel Parker presented the Flemings with a photographic line up. Mr. and Mrs. Fleming picked David Robinson's picture from the group as being one of the men who assaulted and robbed them. Based on this information, the two officers procured a warrant which they executed at the Robinson residence where they arrested David Robinson and seized a shotgun and bullets.
David Robinson and several of his family members maintained that the defendant was in Picayune, Mississippi at his grandmother's house at the time the crime occurred.
Defendant, in his sole assignment of error, contends that he was denied effective assistance of counsel in violation of his constitutional rights. U.S. Const., Amend. 6. More particularly he argues that his counsel was ineffective in that he failed to object to the introduction of a shotgun and this failure resulted in his conviction.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. See: State v. Prudholm, 446 So.2d 729, (La., 1984). However, in the interest of judicial economy, the issue of ineffective counsel may be considered, on appeal, when the record discloses sufficient evidence with which to make a decision. State v. Seiss, 428 So.2d 444 (La., 1983). Since this record contains sufficient evidence to resolve this issue raised by the defendant, this Court will do so.
The test for assessing the effectiveness of counsel is set forth by the United States Supreme Court, in its recent decision of Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In that case, the Court proclaimed a twofold test:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Strickland v. Washington supra

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland v. Washington, supra. *406 Therefore, mindful of this standard we will consider the defendant's allegations.
The defendant first alleges that the gun was inadmissible because it was "never properly identified as the gun seized at Mr. Robinson's residence."
The record clearly indicates that this is not the case. The defendant's residence was also the residence of his mother, Wilma Robinson. On cross examination she stated that the gun belonged to her brother and was kept in a closet at her house. (Tr. 98-99) Alluding to the evidence, the state asked: "Is this the gun, Mam?" and the witness answered "Yes, sir." (Tr. 98).
Thus, this argument lacks merit.
Defendant next contends that the gun was inadmissible because the state failed to connect this gun with the robbery. Further, he argues that the state failed to connect this weapon to the defendant, as the evidence tag did not bear the name of Detective Winniger, as did the other items seized at the same time.
The requirements for the proper admissibility of demonstrative evidence were set forth in State v. Gordy, 380 So.2d 1347 at 1352 (La., 1980):
"To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination, by the trier of fact. State v. Drew, 360 So.2d 500 (La.1978)." State v. Paster, 373 So.2d 170 (La., 1979), on appeal after remand, 389 So.2d 55, La., 1980).
The gun which was admitted into evidence at this judge trial was never positively identified as being the "dangerous weapon" used to commit the armed robbery. R.S. 14:64. The victims of the crime testified that this weapon was "similar" to the one used during the commission of the crime, however, they did not identify it as being the crime weapon. With regard to this weapon which was introduced into evidence (S-1), the seizing officer and the defendant's mother identified it as being the gun seized from the defendant's house.
Thus, the foundation laid for the admissibility of this evidence was sufficient because the state established that it was more probable than not that this gun was relevant to this case of armed robbery. The lack of positive identification of the weapon goes to the weight of the evidence and this issue was properly decided by the trial judge.
Accordingly, the defense attorney's performance was not deficient when he failed to object to the shotgun being admitted into evidence.
Moreover, even assuming arguendo that this action on the part of defense counsel constituted a deficient performance at trial, the defendant cannot successfully show that such performance prejudiced his defense. That is, he cannot satisfy us that there is a reasonable probability that but for such an error, the results of the proceeding would have been different. There exists ample other evidence that this defendant committed the armed robbery of Mr. and Mrs. George Fleming. That is, the victims positively identified Robinson as one of the perpetrators. Additionally, the victims and a neighbor, who was an independent eye witness, testified that a shotgun was used in the commission of the robbery. It is not essential in proving the crime of armed robbery, that the crime weapon be introduced into evidence at the trial. See: State v. Rash, 444 So.2d 1204 (La., 1984).
Accordingly, defendant has failed to satisfy the twofold test of proving ineffective counsel, as mandated by the Supreme *407 Court in Strickland, supra. For this reason, assignment of error number one lacks merit.
We have also reviewed this case to determine whether there exist sufficient evidence to support the defendant's conviction. State v. Raymo, 419 So.2d 858 (La., 1982) We find that viewing the evidence in the light most favorable to the prosecution any reasonable trier of fact could have found the defendant guilty of armed robbery. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That is, armed robbery is defined as:
R.S. 14:64 (A) Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
In this case the victims testified that they were physically assaulted and their wallet and purse were taken, as their assailants held them at gunpoint.
The evidence is sufficient to support the defendant's conviction for the crime of armed robbery.
Finally, we have reviewed the record for errors patent upon its face and we find none. C.Cr.P. 920(2).
For the reasons assigned the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The first trial ended in a mistrial when the jury was unable to reach a verdict.