CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether the trial judge erred in ordering the return of a vehicle seized pursuant to a criminal investigation. For the following reasons, we vacate the judgment and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

In March 2002, Corporal Patrick J. Beard of the St. Charles Parish Sheriffs Office was patrolling the Old Luling area. He crossed the railroad tracks in the 400 block of Gassen Street and headed southbound when he observed a four-wheeler headed the opposite direction driving in a reckless manner. Corporal Beard stopped his car, activated his emergency lighting and spotlight to the ground, exited the vehicle and stood behind the driver’s side door. He gave a verbal command for the vehicle to stop, and he also used a han-dheld flashlight to get the attention of the driver of the four-wheeler. The vehicle slowed down then sped up and veered toward his police car. He jumped back into his police car to avoid being hit. However, the four-wheeler struck the driver’s side door pinning his lower legs between the door and the door frame and the top upper part of his body between the door and the door jam. The door hit him in the head and knocked him back into the car. The four-wheeler fled. He got a good look at the Lfour-wheeler because he was standing approximately two feet from it. He noted that it was green, that it had a rack on the back and the front, and had one broken headlight. The four-wheeler was found after the driver ran a stop sign and traveled up the levee on Gassen Street and River Road. The four-wheeler was impounded at Louie’s Wrecker Service and storage costs of $13.00 a day were incurred. The sheriffs office allegedly completed its investigation and took photographs within a few days of seizing the four-wheeler and had had no further need for the four-wheeler within a few weeks of seizing it.
On May 20, 2002, the St. Charles Parish District Attorney filed a petition alleging that the juvenile, C.C., committed: Count 1, negligent injuring in violation of La. R.S. 14:39, which allegedly occurred on or about March 31, 2002; and Count 2, hit and run driving in violation of LSA-R.S. 14:100, which allegedly occurred on or about March 31, 2002. C.C. denied the allegations.
In response to a motion filed by the juvenile’s father, the trial judge ordered the sheriff to return the four-wheeler involved in the incident to the owner, the *665 minor’s father on July 12, 2002. However, according to the title, the four-wheeler was owned by Troy Dutrieux. Mr. Dutrieux apparently sold the vehicle to C.C.’s father but had no bill of sale. A vehicle registration check noted that the title was transferred sometime in April of 2002.
Sometime between July 12 and 22, 2002, the trial judge vacated the order to return the four-wheeler. On July 17, 2002, an order was filed which stated that the sheriffs office was to complete any necessary investigation/inspection of the four-wheeler and return said four-wheeler to C.C.’s father. On the order, someone handwrote the statement that the sheriffs office was to “preserve any necessary evidence by any necessary means.” The above order was scratched through, and at the bottom of the order the following words were written: “Denied. Officers (in | ¿report) indicated intentional battery and injury.” It appears that the order was signed by the trial judge but not dated.
On July 22, 2002, the trial judge stated that the sheriffs office had a “big objection” to releasing the four-wheeler but continued the hearing on the motion to return the four-wheeler because the sheriffs office did not send a representative to the hearing. On July 25, 2002, the trial judge held an off-the-record bench conference regarding the motion to return the four-wheeler with the victim and another officer from the sheriffs office; however, C.C.’s counsel was not present. The prosecutor stated that it had no objection to releasing the four-wheeler as long as the sheriffs office had obtained all the evidence they needed with regard to the four-wheeler.
On November 22, 2002, the juvenile admitted the allegations of the petition. The juvenile was placed in the custody of the Department of Public Safety and Corrections for six months, suspended, with six months of active probation. The juvenile was also ordered to make restitution in the amount of $1,161.35 through the St. Charles Sheriffs Office (SCSO) and perform 25 hours of community service. The SCSO was ordered to turn over the four wheeler involved in the incident to the juvenile’s father with no charges for the storage fee. On January 3, 2003, the trial judge granted a new trial regarding the motion to return the four wheeler and storage costs.
On February 12, 2003, a hearing regarding storage costs for the four-wheeler was held. At the hearing, counsel for the St. Charles Parish Sheriffs Office reiterated the underlying facts of this case. C.C.’s counsel stated that the man who owned the storage facility had already transferred title to the four-wheeler to himself. She stated that the transfer was ordinary procedure, but that it had been caused by the actions of the sheriffs department. C.C.’s counsel argued that La.C.Cr.P. art. 887 was applicable to normal court costs but not to additional costs Issuch as storage for the four-wheeler. She contended that the sheriffs office was holding the four-wheeler because they were angry that the incident involved one of their officers. C.C.’s counsel argued that the sheriffs office should be responsible for the storage costs because the four-wheeler was being held against her client’s will, and that the sheriffs office did not need to hold the four-wheeler for the length of time at issue.
The sheriffs counsel responded that the sheriffs office left the vehicle in storage until the case was resolved, as it usually does with evidence in criminal investigations. He explained that in every hit and run case, the vehicle is held because photographs do not adequately preserve the evidence. The sheriffs counsel argued that it was his interpretation of the trial court’s order that the sheriffs office was to pre *666 serve the evidence because the case involved an intentional hit and run. He also contended that article 887 applied to every expense the sheriff incurred for a cost in prosecution.
After the hearing, the trial judge ordered the SCSO to return the four-wheeler to the owner within fifteen days. The trial judge also stated that the SCSO could file a motion to assess costs in connection with the four-wheeler storage fees. The judgment was signed on February 19, 2003. On March 6, 2003, the sheriff filed an appeal in accordance with LSA-Ch.C. art. 332.

DISCUSSION

On appeal, the sheriffs office argues that the court had no authority to order the return of the evidence in this case and that the trial court violated La. R.S. 15:41[1] by so ordering. It contends that any proceedings by the owner of seized | (¡evidence seeking a return of his property should be brought in a separate civil proceeding. It cites State v. Paster, 373 So.2d 170 (La.1979), in support of its position. In Past-er, officers obtained a search warrant to search a defendant’s residence and vehicle for marijuana. A deputy had defendant’s vehicle towed to a service station used as a storage facility by the sheriffs department. At the storage facility defendant’s vehicle was searched and released subject to a towing fee and storage charge. Defendant filed a motion seeking the return of his seized vehicle without cost. At the hearing on the .motion, the trial court noted that the real issue was the liability for the towing and storage charges, not whether defendant was entitled to his vehicle. - The court found that the dispute was a civil matter.
The Louisiana Supreme Court also found that the trial court correctly denied the motion, that the matter was not subject to resolution by the trial court during the criminal case against defendant, and that the matter was analogous to the procedure of collecting fines in criminal cases. Citing La.C.Cr.P. art. 886, the Supreme Court noted that the issue of whether defendant owed the fees, although arising in *667 a criminal prosecution, should be decided by a civil action. Conversely, in Paster, defendant sought the return of the seized evidence. In this case, the juvenile’s father (a third party) seeks return of the seized evidence.
|7At the time Paster was decided in 1979, La.C.Cr. P. article 886 only permitted judgments regarding costs in criminal proceedings to be enforced in civil courts. However, in 1999, the article was amended to permit the enforcement of judgments in either civil or criminal court, or both. At the time the offense in the instant case was committed on March 31, 2002, LSA-C.Cr.P. art. 886 provided in pertinent part:
A. In the event of nonpayment of a fine, nonpayment of restitution to the victim, or nonpayment of a fine and costs, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine or restitution plus judicial interest to begin sixty days after the sentence was imposed plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court, or both. Collection of the judgment may be enforced in either criminal or civil court, or both, in the same manner as a money judgment in a civil case. In addition, particular courts may provide by court rule for enforcement by the filing of an offset claim against the defendant, in accordance with R.S. 47:299.1 through 299.20. (Emphasis added).
B. The provisions of Paragraph A of this Article shall apply to all fines and costs due and owing, regardless of whether they become due and owing prior to September 6,1991.
Nevertheless, article 886 as amended is not applicable to the instant matter, because article 886 applies to defendants. In the instant case, the juvenile (not his father) is the defendant. However, his father is seeking return of the seized evidence.
Thus, we must decide whether the juvenile court in this case properly ordered the release of the four-wheeler seized as evidence in the juvenile delinquency proceeding to a third party, C.C.’s father. Additionally, we note that the trial court’s order releasing the vehicle to the juvenile’s father is suspect because the record indicates that the wrecker service now owns the vehicle.
An action for return of property, even if governed in part by criminal statutes, is by nature a civil action, especially where, as here, the criminal proceedings have been concluded. State v. Baynes, 96-0292 (La.App. 4 Cir. 7/31/96), 678 So.2d 959, 962, fn. 2. In Baynes, the trial court denied defendant’s motion to return seized property. Id. at 961. The appellate court found that defendant had established his right to the return of his weapons, but that he had not complied with the procedural requirements for their return. Id. at. 962. The appellate court stated that R.S. 15:41(C) specified that a motion for return of property seized in connection with a criminal proceeding should be heard contradictorily with the clerk of court, that the record did not indicate that the clerk of court was made a party to the hearing, and that the sheriffs office should also have been made a party to this proceeding because the state asserted the sheriffs office had retained custody of the seized property. Id. The appellate court in Baynes vacated the trial court judgment and remanded the matter to the trial court to set the case for a hearing at which the clerk of court and the sheriffs office were ordered to show cause why the weapons should not be returned to defendant. Id. *668 However, the instant case is distinguishable from Baynes, because as in Paster defendant sought the return of his own property in that case.
Our review of the applicable statutory law, jurisprudence and the record convinces us that the trial court lacked authority to order release the vehicle to the juvenile’s father (a third party) who was hot the defendant in the juvenile proceeding. Thus, C.C.’s father’s remedy is to pursue a civil action in which all parties are before the court based on the fact that there is a dispute regarding ownership of the four-wheeler. Moreover, appellee failed to comply with the procedural requirements set forth in La. R.S. 15:41(C), in that he failed to make the clerk of court, sheriff’s office, and the wrecker service parties to the proceeding. Thus, we vacate the lower court’s judgment and remand this matter for further proceedings. Accordingly, we decline to address the remaining assignments of error.

JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. La. R.S. 15:41 provides in pertinent part:
A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within six months after its seizure, the court shall order:
(a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system.
(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.
C.Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court máy either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.